UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL A. CATALDO, III<br><br>   Plaintiff<br><br>v.<br><br>LVNV FUNDING, LLC AND<br>LUSTIG, GLASER & WILSON, P.C.<br><br>   Defendant | **COMPLAINT AND JURY DEMAND** |

## NATURE OF THE CASE

1.      This is a complaint brought pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, the purpose of which is to eliminate abusive collection practices by debt collectors. In this case, the debt buyer LVNV Funding, LLC and its collection agency, Lustig, Glaser & Wilson, P.C., sued plaintiff Paul A. Cataldo, III, a resident of North Carolina, in Massachusetts district court, in violation of 15 U.S.C. § 1692i, which prohibits suing a consumer anywhere except where the consumer lives or opened the account, neither of which is applicable in this case.

## FEDERAL JURISDICTION

2.      The Court has jurisdiction because this case arises under the laws of the United States and is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

1

3. Venue is proper in the District of Massachusetts because the defendants transact business here and a substantial portion of the acts giving rise to this action occurred here, pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff Paul A. Cataldo, III is a natural person residing in Black Mountain, North Carolina.

5. Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company with principal offices located in Las Vegas, Nevada. LVNV is a debt buyer engaged in the business of purchased defaulted debts from original creditors in order to collect on them.

6. Defendant Lustig, Glaser & Wilson, P.C. ("LGW") is a Massachusetts collection law firm and professional corporation in the business of debt collection with principal offices located in Waltham, Middlesex County, Massachusetts.

**BACKGROUND**

7. LVNV is a "debt buyer" who claims to have purchased the debt from the original creditor, HSBC Bank. Debt buyers are companies that do not lend to consumers, but instead purchase defaulted debts for an average of four cents per dollar and often have little information about the original account. *See* Federal Trade Commission, "The Structure and Practices of the Debt Buying Industry" (January 2013), available at http://www.ftc.gov/sites/default/files/documents/reports/structure-and-practices-debt-buying-industry/debtbuyingreport.pdf.

8. On or around January 15, 2014, LVNV filed a civil action against Cataldo in the Massachusetts Department of the Trial Court, Wrentham District

Court, case no. 1457SC000074, in an attempt to collect on an account it was alleged to be owed. (Cataldo Affidavit, Ex. 3, Statement of Small Claim.) The charges on the account at issue were incurred for personal or family purposes.

9. In the action, LVNV was represented by LGW.

10. At the time the action was filed, Cataldo lived, and continues to live, in North Carolina, not Massachusetts. (Cataldo Affidavit, Ex. 1, Driver's License.)

11. At the time the account at issue was opened, Cataldo lived in Astoria, New York. (Cataldo Affidavit, Exs. 2 and 4, Billing Statements and Credit Report.)

## COUNT I:
## Fair Debt Collection Practices Act, 15 U.S.C. § 1692
(Both Defendants)

12. The preceding allegations are incorporated by reference.

13. LVNV collects or attempts to collect debts that were originally alleged to be owed to third parties. To collect these debts, LVNV uses, among other things, the phone and mail.

14. LVNV is a "debt collector" as that term is defined at 15 U.S.C. § 1692a(6).

15. LGW collects or attempts to collect debts alleged to be owed to third parties. To collect these debts, LGW uses, among other things, phone and mail, and legal process.

16. LGW is a "debt collector" as that term is defined at 15 U.S.C. § 1692a(6).

17. Cataldo's account at issue was for family and personal use as it was an HSBC Bank credit card used for his personal expenses.

18. The venue provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i, prohibit a debt collector from filing suit anywhere except where the consumer either presently lives or where the consumer lived at the time the account was opened. The statute states:

> Any debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity—
> (A) in which such consumer signed the contract sued upon; or
> (B) in which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i.

19. LVNV, by its attorneys LGW, filed a civil action against Cataldo in January 2014 in Wrentham District Court.

20. Cataldo lived in North Carolina at the time the action was filed. Cataldo still lives in North Carolina.

21. Cataldo lived in New York at the time the account at issue was opened.

22. LVNV violated the FDCPA, 15 U.S.C. § 1692i, by filing the action against Cataldo.

23. LGW violated the FDPCA, 15 U.S.C. § 1692i, by filing the action against Cataldo.

24. Furthermore, LVNV and LGW have provided no assignment of the account at issue, and Cataldo disputes that he owes any amount to them.

25. Cataldo was damaged in that he has been forced to defend himself in a distant venue, has suffered stress and emotional anguish, and has incurred costs and attorney fees to defend the unlawful action.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff Paul A. Cataldo, III hereby requests the following relief:

a) Judgment in his favor and against defendants;

b) Actual damages;

c) Statutory damages of $1,000 against each defendant;

d) Costs and attorney fees; and

e) All other relief to which he is entitled at law or in equity.

## JURY DEMAND

Plaintiff hereby demands a jury on all issues so triable.

Respectfully submitted,

Plaintiff,
Paul A. Cataldo, III,
By counsel,

/s/ *Josef C. Culik*
Josef C. Culik (BBO #672665)
CULIK LAW PC
18 Commerce Way, Suite 2850
Woburn, Massachusetts 01801
(617) 830-1795
(617) 830-1576 Fax
jculik@culiklaw.com

June 13, 2014